PEOPLE v. OSBORNE.

(Supreme Court, Trial Term, Westchester County. February, 1916.)

1. PERJURY ⊜➡1—HOW ESTABLISHED.

   To establish the crime of perjury it must appear that false testimony was knowingly and willfully given by defendant under oath concerning material matter under investigation in a judicial or other proceeding authorized by law.

   [Ed. Note.—For other cases, see Perjury, Cent. Dig. § 1; Dec. Dig. ⊜➡1.

   For other definitions, see Words and Phrases, First and Second Series, Perjury.]

---

**2. PERJURY ⬤—3—WILLFUL INTENT.**

Where a member of the state prison commission, in conducting an investigation of misconduct amongst the prisoners, questioned the prison doctor and several others in defendant's presence so as to elicit practically all the facts involved and all that defendant could testify to, and the examiner knew, and defendant knew that he knew, that such misconduct had existed in the prison, so that it was impossible for the examiner to be deceived or misled by defendant's answers, defendant's refusal to answer and evasive replies did not constitute perjury, since under the circum. stances such answers were not given with the willful intent necessary to perjury.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 3; Dec. Dig. ⬤—3.]

**3. PRISONS ⬤—4—PRISON COMMISSION—INVESTIGATION—AUTHORITY.**

Under Prison Law (Consol. Laws, c. 43) § 46, defining the general powers and duties of the state prison commission, and section 47, providing for visitation by an authorized member of the commission, a single member of the commission has no power to make visitations or investigations on his own initiative; the power to visit, inspect, and investigate the affairs of the prison being lodged by such sections in the commission as a body, and not in its individual members.

[Ed. Note.—For other cases, see Prisons, Cent. Dig. § 4; Dec. Dig. ⬤—4.]

**4. PERJURY ⬤—7—STATE PRISON COMMISSION—UNAUTHORIZED INVESTIGATION.**

Where a single member of the state prison commission made such an unauthorized investigation on his own initiative regarding charges of misconduct amongst prisoners, the evasive answers or false testimony of defendant in answer to such member's questions could not constitute perjury, since the essential element of perjury, that the false testimony must be given concerning matter under investigation in a judicial or other proceeding authorized by law, was wanting.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 18–25; Dec. Dig. ⬤—7.]

Thomas Mott Osborne was indicted for perjury. At the close of the People's case, defendant moved for a directed verdict of acquittal and dismissal of the indictment. Motion granted.

Frederick E. Weeks, Dist. Atty., of White Plains, for the People. George Gordon Battle, of New York City, for defendant.

TOMPKINS, J. [1, 2] To make out the crime of perjury it must appear that false testimony was knowingly and willfully given by the defendant, under oath, concerning material matter under investigation in a judicial or other proceeding authorized by law. Two of these elements are lacking in this case. First, the jury would not be justified in finding a willful intent or purpose on the part of the defendant. Before he was examined by Dr. Deidling and gave the answers which are the basis of this charge, Dr. Deidling knew and the defendant knew that he knew that there had been sodomy cases in the prison. When Dr. Deidling met the defendant in the warden's office upon his arrival at the prison, he intimated that he had come to investigate those cases, whereupon the warden said, in substance, that he thought it would be unwise, that he had the matter well in hand, and that any outside investigation might hamper him in his treatment of the cases within the prison walls and under the prison rules. Nevertheless Dr.

Deidling went on with his investigation, and learned from the prison doctor and several others, and all in the defendant's presence, practically all there was to know of these sodomy cases, so that when Dr. Deidling interrogated the defendant he knew substantially all that the defendant knew about them, and it is not possible that he could have been deceived or misled by the defendant's replies to his questions. The defendant's refusal to answer and his evasive replies were to keep good the promise he had made to the men when they confessed to him their offenses and received their punishment under the prison management, namely, that they would not be subject to further punishment therefor, and that he would go to jail rather than betray their confidences.

[3, 4] Second. There can be no perjury unless the proceeding in which the testimony is given is authorized by law. There is no proof here that Dr. Deidling was authorized by law to conduct this investigation or administer an oath. The state prison commission, of which Dr. Deidling is a member, is composed of seven members. It is a constitutional body having a seal of its own with its office in the Capitol Building at Albany. Its general powers and duties are defined by section 46 of the Prison Laws, and it is therein provided that the state commission of prisons is empowered to visit and inspect all penal institutions, etc. It was the obvious intent of this act to vest the power of visitation and inspection in the board or commission of prisons as a body, and not to give an individual member that power. Section 47, which, of course, must be read in connection with the preceding section, provides that:

"The institutions subject to the visitations may be visited * * * by it or by any member thereof or by its secretary, when authorized, or by an officer or inspector duly appointed by it for that purpose."

It further provides that:

"Any member or the secretary of such commission when authorized, * * * shall have full access to the grounds, buildings," etc.

My interpretation of the language of these two sections is that a single member of the commission may not make an official visitation and inspection unless authorized by the commission. The act provides that said commission may prepare regulations and provide blanks and forms upon which information shall be furnished, etc., *for the use of the commission.* Whatever is done for the commission and not by the commission itself can only be done when authorized by the commission. The powers given by the Legislature were given to the commission as a body and not to an individual member thereof. Any other intention would have been clearly stated. To construe this statute otherwise would be to vest in each member of the commission independent power; and seven separate and distinct inspections and investigations of the same institution could be made at one and the same time, in harmony or at discord with each other, and at cross purposes. Such power would be productive of great confusion, and would seriously interfere with the orderly conduct of the business of the commission. If a single member of the commission has power on

his own initiative to institute and carry on an investigation, without the authority of the board or commission, and without its knowledge, then he would have an equal right to conduct such an investigation against the will, and in spite of the protest of the commission itself. Such was never the intention of the law, and such is not the meaning of the language employed.

There is no proof whatever of any authority having been given Dr. Deidling to make this investigation, and there is no claim on the part of the prosecution that he was authorized by the commission to do so. It does not appear even, that the commissioner or any of his colleagues had knowledge of it, or that there was or is any record of the investigation on the books or among the papers of the commission. Not having been authorized to make the investigation, Dr. Deidling had no authority to administer a valid oath to the defendant, and for any statement made at the time, the defendant cannot be held for the crime of perjury.

This is no technicality, resulting from a misplaced comma, as is intimated in some of this morning's papers. The comma is where it was intended to be, and where it belongs. The question goes to the very heart of the case, because, without authority to make the investigation and administer an oath, there could be no perjury.

The defendant's motion for a direction of a verdict of acquittal, and the dismissal of the indictment will be granted.